```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**ANDREW CHANDLER HUBBARD**                                    **PLAINTIFF**

**VERSUS**                              CIVIL ACTION NO. 5:10-CV-188-DCB-JMR

**ELLIOTT BEAUCHAMP**                                          **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant Elliott Beauchamp's unopposed Motion for Summary Judgment [**docket entry no. 17**]. Having carefully considered said Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. Facts and Procedural History**

Plaintiff Andrew Hubbard, an inmate at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi, initiated a § 1983 action against Elliot Beauchamp, a unit manager at WCCF, alleging that on August 11, 2010 Beauchamp used "unjustifiable excessive force for no apparent reason . . . due to unprofessionalism within his professionalism status." Complaint at ¶ III, docket entry no. 1. Specifically, Hubbard claims that Beauchamp "approached [him] in a very unprofessional manner such as verbally and physically assaulting him." <u>Id.</u> Beauchamp denies this event ever occurred. <u>See</u> Aff. of Elliot Beauchamp at ¶ 4, docket entry no. 17-1.

After the deadline for discovery had passed, Beauchamp filed his Motion for Summary Judgment, stating that Hubbard has failed to

present any evidence creating a genuine issue of material fact to support an Eighth Amendment excessive force claim. Hubbard, who is proceeding pro se, filed no response to this Motion. Noting that Hubbard failed to oppose Beauchamp's dispositive Motion, on November 14, 2011, Chief Magistrate Judge Roper issued an Order directing Hubbard to show cause before December 5, 2011, why summary judgment should not be granted.[1] See Order to Show Cause, docket entry no. 22. Hubbard has yet to respond to this Order.

## II. Analysis

*A. Summary Judgment Standard*

Federal Rule of Procedure 56(a) provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, it becomes incumbent upon the nonmoving party to establish a genuine issue of material fact concerning every element of his claim. Id.; Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). The nonmoving party is entitled to any reasonable inferences that may be drawn from the evidence before the court but may not rely upon unsubstantiated assertions and conclusory allegations. Forsyth v.

---

[1] In the Order, the Court warned Hubbard that failure to respond may result in immediate dismissal of his case without prejudice and without further notice. Id.

Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). If the court determines, based on the record before it, that no reasonable fact-finder could find in the nonmoving party's favor, then it must grant summary judgment as a matter of law. Celotex, 477 U.S. at 331 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

*B. Whether Hubbard Has Produced Enough Evidence Avoid Summary Judgment*

In his Complaint, Hubbard states that Beauchamp used "unjustifiable excessive force" against him. Complaint at ¶ III. In order for Hubbard's Eighth Amendment excessive force claim to survive summary judgment, there must be some evidence in the record indicating that Beauchamp maliciously or sadistically applied force with the intent to cause him harm. See Wilkins v. Gaddy, __ U.S. __, __; 130 S. Ct. 1175, 1178 (2010) ("The 'core judicial inquiry,' we held, was not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" (quoting Hudson v. McMillian, 503 U.S. 1, 4 (1992)).

As an initial matter, the facts alleged in the Complaint do not support a § 1983 claim for excessive force. Hubbard asserts that "Beauchamp approached [him] in a very unprofessional matter such as verbally and physically assaulting me . . . ." Complaint at ¶ III. The "assaulting" that Hubbard complains of, however, appears to have occurred when "Beauchamp approached [him] in a very threatening way by speaking very derogatory and also placing his

hands on [him] . . . ." Id. Hubbard's allegation that Beauchamp put his hands on him in a "threatening" and "unprofessional" way does not rise to the level of an Eighth Amendment violation for excessive force which requires the intent to cause harm. See, e.g., Wilkins, __ U.S. at __; 130 S. Ct. at 1178.

Moreover, Hubbard has produced no evidence creating a genuine issue of material fact to rebut Beauchamp's Motion. Beauchamp provided an affidavit averring that the events Hubbard describes never occurred. Aff. of Elliot Beauchamp at ¶ 4. The WWCF Warden substantiated Beauchamp's position, stating to Hubbard in response to his complaint:

> . . . . I have investigated your claim. The information I have gathered reveals that staff is to maintain safety and security to all offenders and to enforce all rules and regulations. According to Unit Manager Beauchamp, he has never said anything unprofessional to you nor has he ever done anything to you. You have not provided evidence to substantiate your claim. Your claim holds no merits. I consider this matter resolved at this level.

See Complaint, Second Step Response Form, docket entry 1-1. Hubbard, however, has failed to respond with any evidence supporting his claim, choosing not to conduct discovery or oppose the pending Motion for Summary Judgment. See Defendant's Motion for Summary Judgment, docket entry 17 at ¶ 4. Judge Roper gave him one last chance to show cause why summary judgment should not be granted, but Hubbard failed to avail himself of this final opportunity. All the evidence before the Court indicates that Beauchamp never physically or verbally abused Hubbard. Aff. of

4

Elliot Beauchamp at ¶ 5.

### III. Disposition

Beauchamp has presented the Court with evidence that the events described in the Complaint never occurred, thereby meeting his burden. <u>Celotex Corp.</u>, 477 U.S. at 323. Hubbard has produced no contradictory evidence. <u>See</u> <u>id.</u> Accordingly, the Court finds that there is no genuine dispute as to any material fact and Beauchamp is entitled to judgment as a matter of law. <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 56(a).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Summary Judgment [**docket entry no. 17**] is **GRANTED.**

**SO ORDERED AND ADJUDGED** on this the 11th day of January, 2012.


　　　　　　　　　　　　　　　　　　/s/ David Bramlette
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**